IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ISAAC NARANJO, | : |
| | : Civil Action No. 17-1291 MPK |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| WILLIAM LOWDEN, FRANK. SALVAY, | : |
| LEROY STALEY and ROBERT JONES, | : |
| | : |
| Defendants. | : |

## DEFENDANTS SECOND AMENDED PRETRIAL STATEMENT

And now comes the Defendants, by and through undersigned counsel, who files the within amended pretrial statement and in support thereof set forth as follows:

### a. Brief Narrative Statement.

Plaintiff, an inmate within the Pennsylvania Department of Corrections (DOC), was incarcerated at SCI-Fayette in April of 2016.  On or about April 24, 2016, Plaintiff made a claim that a corrections officer had looked at him in a sexual manner.[1]  Plaintiff was assigned to Administrative custody (AC) status, at that point, to allow for a separation from the supposedly offending officer.  DOC policies allow for this change to AC status for safety and investigative purposes.  AC status did involve a change of housing from general population (GP) to the Restrictive Housing Unit (RHU)  As the name implies, RHU is more restrictive, allowing for a tighter watch and control over inmates.

---

[1] Defendants intend to introduce evidence of Plaintiffs discipline history, showing a pattern and practice of inappropriate masturbation, and other sexual misconduct in front of staff, as well as making false allegations against staff.

Plaintiff asserts he did not consent to being placed in the RHU, and therefore had a hearing, where it was determined he could be placed in General Population, pending the availability of a bed in an appropriate block.  However, it was also determined that Plaintiff had masturbated in front of, and threatened the corrections officer he accused of the offending look.  Accordingly, Plaintiff was kept under AC status while that incident was being investigated.

Subsequently, plaintiff threatened harm to himself by way of a hunger strike[2].  He was placed in a Psychiatric Observation Cell (POC), and constantly monitored, being subject to regular review by the Program Review Committee. (PRC)  He was advised that if he would start to eat, and get clearance from medical, he would be released to GP. After regular reviews, the PRC eventually made a determination to release Plaintiff to GP, on or about June 18, 2016.

Plaintiff claims his time spent in restricted custody was due to retaliation for his claim that the CO looked at him in a sexual way, and was otherwise harassing him.  There is simply no competent evidence of this, nor does it make any sense.  In the DOC setting, grievances and allegations of impropriety against corrections officers are part of the landscape.  Such petty allegations would not, could not and did not garner such a retaliatory response.  All of Plaintiffs' housing assignments during the relevant time frame were for legitimate penological interests.

b. **Statement of All Damages Claimed.**

---

[2] Defendants also will introduce medical/psychiatric records showing plaintiff to be unstable and a danger, at least to himself.

Defendants make no claim for damages in the instant action, but reserve the right to bring an action against Plaintiff for wrongful use of process at the conclusion of the instant case. Defendants will identify their damages in such a case.

**c.  Witnesses who Defendants Expect to Call, and May Call:  Note That Defendant Will Call All Witnesses on Liability and Damages.**

   1. All named Defendants, c/o defense counsel

   2. Sgt Haines, c/o defense counsel

   3. CO Delasandro, c/o defense counsel

   4. Facility Manager Jay Lane, c/o defense counsel

   5. Deputy Gates, c/o defense counsel

   6. Captain Hawkinberry, c/o defense counsel

   7. Steven M. Gates, DSFM (program review committee), c/o defense counsel

   8. Louis Bozelli, unit manager, c/o defense counsel

   9. CO R. Snyder, c/o defense counsel

   10. CO Fetsko, c/o defense counsel

   11. Peter Saavedra, M.D.  c/o defense counsel

   12. Scott Riddle, unit manager, H-Block, c/o defense counsel

   13. Sgt Snyder, c/o defense counsel

   14. Plaintiff

   15. All witnesses referenced by the Plaintiff in his Amended Pre-Trial statement.(ECF 73)

**d.  Deposition designations**

None

e. **Documents/Exhibits for Use at Trial**

1. Any document reflecting Plaintiff's criminal history or mental health history.

2. All DOC reports from the time period referenced in the amended complaint.

3. All DOC medical records for the Plaintiff during the time period referenced in the amended complaint.

4. All grievances and responses in the time period referenced in the amended complaint.

5. DOC policies on grievances in time period referenced in the amended complaint.

6. DOC policies on administrative custody in the time period referenced in the amended complaint.

7. DOC policies on the psychiatric observation cell in the time period referenced in the amended complaint.

8. DOC policies on investigation of allegations of sexual misconduct during the time period referenced in the amended complaint.

9. All reports of the Plaintiffs condition generated by the SCI during the time period of 4/22/2016 to 6/18/2016.

10. Plaintiffs cell history report.

11. Plaintiffs misconduct history.

12. The Inmate Handbook, as it existed in 2016.

13. 3/16/2016 memo from Major Trempus to Staff. (a copy of this document is being provided to Plaintiff with the service of this second amended pretrial statement)

14. 5/2/2016 Report of incident. (a copy of this document is being provided to Plaintiff with the service of this second amended pretrial statement)

15. PRC prison review of inmate Naranjo.  (a copy of this document is being provided to Plaintiff with the service of this second amended pretrial statement)

16. 4/26/2016 email from Dr. Saavedra to various staff. (a copy of this document is being provided to Plaintiff with the service of this second amended pretrial statement)

17. 4/26/2016 email from Scott Riddle to various staff. (a copy of this document is being provided to Plaintiff with the service of this second amended pretrial statement)

18. All documents referenced by the Plaintiff in his Amended Pre-Trial statement.(ECF 73)

f. **Legal Issues:**

**1.** Whether Plaintiff has properly exhausted his administrative remedies, by seeking monetary damages, and taking all necessary appeals in the grievance process for all of the improprieties he alleges in his amended complaint.

**2.** Whether plaintiff may seek compensatory monetary damages under the terms and provision of the Prison Litigation Reform Act, given his lack of physical injury.

**3.** Whether the Plaintiff can establish sufficient evidence to overcome the presumption of the DOC's legitimate penological interest in the Plaintiff's changing housing assignments.

4. Whether Defendants will be able to introduce prior bad acts pursuant to Article IV of the Federal Rules of Evidence

g. **Expert Disclosures**

None

Respectfully submitted,

JOSH SHAPIRA
Attorney General

/s/ *Michael E. Kennedy*
MICHAEL E. KENNEDY
Senior Deputy Attorney General
PA ID 52780

Keli M. Neary
Chief Deputy Attorney General
Civil Litigation Section

OFFICE OF ATTORNEY GENERAL
1251 Waterfront Place
Mezzanine
Pittsburgh, PA  15222

CERTIFICATE OF SERVICE

I certify that, on May 10, 2019, a true and correct copy of this document was served upon Plaintiff's stand by counsel of record via ECF, and directly upon the Plaintiff by first class US mail to:

Smart Communications/PADOC

Isaac Naranjo FJ-4369

SCI Forest

PO Box 33028

St Petersburg, FL  33733

*s/ Michael E Kennedy*