# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ISAAC NARANJO, | ) |
| Plaintiff, | ) Civil Action No. 17-1291 |
| | ) Magistrate Judge Maureen P. Kelly |
| v. | ) |
| WILLIAM LOWDEN, FRANK SALVAY, | ) Re: ECF Nos. 80 and 96 |
| LEROY STALEY, and ROBERT JONES, | ) |
| *Correctional Security Lt.* | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Isaac Naranjo ("Plaintiff") is a state prisoner currently incarcerated at the State Correctional Institution at Forest ("SCI – Forest"). Plaintiff brings this suit pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, alleging that his rights under the First Amendment to the United States Constitution were violated by various corrections officers and personnel during a period of incarceration at the State Correctional Institution at Fayette ("SCI – Fayette"). In particular, Plaintiff alleges that Defendants retaliated against him for filing grievances alleging that he was sexually harassed by a corrections officer by moving him from a General Population housing unit to a Restricted Housing Unit ("RHU"). Plaintiff alleges that Defendants further retaliated against him by issuing a false misconduct to justify extending his confinement in the RHU, and forced him to engage in a hunger strike to challenge his housing status. In all, Plaintiff was in the RHU for approximately 54 days, from April 24, 2016, through June 18, 2016.

Defendants respond to Plaintiff's allegations indicating that the grievances at issue were not the basis of his assignment to the RHU. Rather, his initial placement in the RHU was in

1

accordance with a policy to separate inmates from alleged sexual offenders to permit an initial investigation of charges. In the course of the investigation, it was learned that during a cell check, Plaintiff masturbated in front of and threatened the corrections officer named in Plaintiff's grievance. As a result, Plaintiff was retained in the RHU to complete an investigation of his alleged misconduct. Plaintiff then engaged in a hunger strike to challenge his housing status, which necessitated a move to a Psychiatric Observation Cell to ensure his safety. Once Plaintiff ended his hunger strike, and upon review by medical and prison officials, he was returned to a general population unit suitable for his particular security needs and status. ECF Nos. 90, 93, 102. Defendants state that during this time period, choices for housing were hampered by Plaintiff's misconduct history, which resulted in limiting housing options to prevent contact with female staff, and other staff and inmates with whom Plaintiff's interactions required separation.

A jury trial of this matter is scheduled to commence on June 17, 2019. Pending before the Court are two Motions in Limine filed by Plaintiff Isaac Naranjo, seeking to preclude the introduction of evidence related to Plaintiff's underlying criminal conviction, records related to his mental health, misconducts, grievances and related institutional history, as well as certain records regarding the events at issue. ECF Nos. 80, 96. Defendants have filed a Brief in Opposition to each Motion in Limine, ECF Nos. 93 and 102, and Plaintiff has filed a reply, ECF No. 100.

### A. Plaintiff's Motion in Limine to Exclude Criminal, Mental Health, and Institutional History – ECF No. 80

"In order to establish illegal retaliation for engaging in protected conduct, [Plaintiff] must prove that: (1) his conduct was constitutionally protected; (2) he suffered an adverse action at the hands of prison officials; and (3) his constitutionally protected conduct was a substantial or motivating factor in the decision to discipline him." Watson v. Rozum, 834 F.3d 417, 422 (3d

2

Cir. 2016). As to the third factor, Plaintiff may satisfy his burden with evidence of either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing that suggests a casual link." Id. If a Plaintiff "establishes a *prima facie* case, prison officials may still prevail if they establish that 'they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest.'" Id., quoting Rauser v. Horn, 241 F.3d 330, 334 (3d Cir. 2001).

Against this evidentiary framework, Plaintiff contends that evidence related to his criminal background, mental health, grievances, and institutional conduct is irrelevant, and thus inadmissible under Federal Rule of Evidence 402. Plaintiff further contends that pursuant to Rule 404, evidence of prior bad acts may not be introduced to prove plaintiff's character in order to show that he acted consistent with that character. Finally, Plaintiff argues that the proffered evidence should otherwise be excluded pursuant to Rule 403 as unfairly prejudicial, or as unduly misleading and confusing. ECF No. 80.

Under the Federal Rules of Evidence, "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by [the Federal Rules of Evidence], or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible." Fed. R. Evid. 402; see also U.S. v. Sampson, 980 F.2d 883, 888 (3d Cir.1992). "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. However, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury, or by

3

considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Thus, Rule 403 mandates a balancing test, "requiring sensitivity on the part of the trial court to the subtleties of the particular situation." United States v. Vosburgh, 602 F.3d 512, 537 (3d Cir.2010).

Plaintiff argues that evidence of his criminal conviction and past misconduct history is irrelevant to his retaliation claim and unfairly prejudicial, and should be excluded. Under the Federal Rules of Evidence, "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, such evidence "may be admissible for ... proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Id. 404(b)(2). At trial, a court must take into consideration two issues before admitting such evidence: (1) whether evidence of crimes, wrongs, or other acts is logically relevant to any issue other than propensity to act in conformity therewith, and (2) whether, under Rule 403, the probative value of this evidence outweighs its potential prejudicial effects. U.S. v. Sampson, 980 F.2d at 886. "The trial court has 'considerable leeway' in both the Rule 404(b) relevancy determination and the balancing test under Rule 403." Id. (citations omitted). Rule 404(b) "is inclusive, not exclusive, and emphasizes admissibility." U.S. v. DeMuro, 677 F.3d 550, 563 (3rd Cir. 2012) (quoting Sampson, 980 F.2d at 886).

Here, to the extent Defendants establish a foundation that Plaintiff's criminal conviction and misconduct history were factors that were considered in determining Plaintiff's housing and continued Administrative Custody status in the RHU, the Court agrees that the evidence is relevant for a purpose other than proving Plaintiff's bad character and his having acted in conformity therewith. The evidence is particularly relevant to establish whether Defendants

4

would have made the same custody and housing decisions absent the protected conduct for reasons reasonably related to a legitimate penological interest. Watson v. Rozum, *supra*. Accordingly, the probative value of the evidence of Plaintiff's prison misconduct, grievance history, and criminal conviction is not substantially outweighed by its prejudicial effect. Further, any prejudicial impact of this testimony is tempered by a requirement that Defendants first establish both that they were aware of the information to be admitted and that it factored into the decision regarding Plaintiff's housing placement. The Court will issue an appropriate limiting instruction to the jury that such evidence may be considered only as to Defendants' motives in making the decisions they made, and to determine whether or not their actions were retaliatory.

Under nearly identical circumstances involving similar constitutional claims, a prison official's knowledge of an inmate's violent behavior was determined to have been properly admitted in a suit concerning alleged retaliation for placing the inmate in administrative custody following a disciplinary proceeding. See, Murray v. Ennis, 523 F. App'x 901 (3d Cir. May 1, 2013). The Court noted that the district court reminded defense counsel of the limited scope for admissibility and provided the jury an appropriate instruction. The testimony was deemed relevant, and its prejudicial effect did not outweigh its probative value. Id. See also Harris v. Barone, No. 11-256, 2013 WL 5534236 (W.D. Pa. Oct. 7, 2013)("[p]laintiff's prior misconducts – including the incident at SCI-Fayette – appear to have driven Barone's decision to place Plaintiff on the eighty-two (82) day cell restriction"); Diaz v. Alberts, No. 10-5939, 2013 WL 2322485 (E.D. Pa. May 28, 2013)("find[ing] that evidence of [plaintiff's] prior prison misconduct can be offered for the limited purposes of demonstrating a defendant['s] knowledge of plaintiff's prior violent misconduct at the time of the incident giving rise to his excessive force claim.").

In this instance, the Court will require the appropriate foundation and supply a limiting instruction to the jury to further reduce the likelihood of unfair prejudice that may result from the admission of this highly probative and relevant evidence.

### B. Plaintiff's Motion in Limine to Exclude Testimony of Certain Witnesses Related to Incident at Issue – ECF No. 96

Plaintiff's second Motion in Limine, ECF No. 96, seeks to preclude introduction of certain evidence related to the incident that precipitated his custodial housing change as well as the testimony of various prison employees, including the guard against whom he filed the grievance. Plaintiff contends the evidence is hearsay, false, unfairly prejudicial, and that each identified witness will testify falsely regarding matters that are irrelevant to his claims. This motion is denied as premature. To the extent Plaintiff questions the factual basis of proffered evidence, he may conduct appropriate cross-examination of witnesses so that the veracity of any testimony may be weighed by the jury. Other objections to witnesses identified on Defendants' Pretrial Statement, based upon potential hearsay or relevance, may be lodged as appropriate during the trial of this matter. An appropriate Order follows.

# ORDER

AND NOW, this 31st day of May, 2019, upon consideration of Plaintiff's Motions in Limine filed at ECF Nos. 80 and 96, and Defendants' briefs filed in opposition thereto, ECF Nos. 93 and 102, and Plaintiff's Reply, ECF No. 100, and for the reasons set forth in the accompanying Memorandum, IT IS HEREBY ORDERED that Plaintiff's Motions in Limine are **DENIED.**

BY THE COURT:

*/s/ Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE